UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SHERI M., | ) |
|           Plaintiff, | ) |
| v. | ) Case No. 4:19-cv-04072-SLD-JEH |
| ANDREW SAUL, Commissioner of Social Security, | ) |
|           Defendant. | ) |

## ORDER

Before the Court is Plaintiff Sheri M.'s Motion for EAJA Fees, ECF No. 17. Sheri asks the Court to award her $3,105.38 pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d)(1), which enables a court to award a prevailing party (other than the United States) fees incurred by that party in any civil action brought by or against the United States. For the reasons stated below, the motion is GRANTED.

### BACKGROUND

Sheri filed suit on April 2, 2019, alleging Defendant Andrew Saul's (the "Commissioner") final decision denying her Social Security benefits was not supported by substantial evidence and contrary to law. *See generally* Compl., ECF No. 1. On September 19, 2019, Sheri moved for summary judgment, ECF No. 8, and the Commissioner moved for summary affirmance about two months later, ECF No. 12. The Court ultimately granted Sheri's motion, denied the Commissioner's, reversed the Commissioner's decision, and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Nov. 4, 2020 Order, ECF No. 15. Judgment was entered on November 9, 2020, Judgment, ECF No. 16.

1

On January 31, 2021, Sheri moved for attorney's fees under the EAJA. The Commissioner does not oppose her motion. Not. No Opp'n, ECF No. 18. Nevertheless, the Court, in an April 27, 2021 text order, ordered Sheri to supplement her motion by submitting an itemization of hours identifying which of her attorneys performed which task(s) on her case. Sheri having done this,[1] the Court now rules on her motion.

## DISCUSSION

### I.     EAJA Fees

Under the EAJA, a successful litigant against the federal government is entitled to recover fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Sheri is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

---

[1] She also submitted an Amended Motion for EAJA Fees, ECF No. 19, and two attorney affidavits, ECF Nos. 19-2–19-3, in addition to the three she already submitted with her Motion for EAJA Fees. At the Court's direction, the Clerk struck these erroneously filed documents from the docket (as well as Sheri's Amended Itemization of Hours, which was re-filed at ECF No. 20). *See* May 7, 2021 Text Order.

The next question is whether Sheri's request is timely. Section 2412(d)(1)(B) requires a party seeking an award of fees to submit to the court an application for fees and expenses within thirty days of the entry of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not the decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Here, Sheri's motion was filed on January 31, 2021 and the judgment was entered on November 9, 2020. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), so Sheri's request is timely.

The next issue is whether the government's position was "substantially justified." Fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner does not oppose Sheri's request. Not. No Opp'n. The Commissioner thus cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make a fee award unjust. Therefore, Sheri is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Sheri's Attorney's Fees

It is a successful litigant's burden to prove the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id.* at 433. This rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that an increase in the cost of living or a "special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate. Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to the amended itemization of hours Sheri submitted. *See* Am. Itemization Hours, ECF No. 20. The itemization shows her attorneys spent 16.9 hours on her case. *Id.* at 2. The Court finds all 16.9 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting courts within the Seventh Circuit have found 40 to 60 hours expended on a social security appeal to be reasonable).

4

Sheri asserts her attorneys' work should be compensated at an hourly rate of $183.75. *See* Mem. Supp. Mot. EAJA Fees 6, ECF No. 17-1. To explain and justify the requested rate, she points to the change in the consumer price index (the "CPI") for all consumers nationwide[2] between the time Congress set the rate cap at $125 per hour (March 1996) and January 2015. *Id.* No explanation is provided for choosing January 2015 as a reference point, even though the Court previously noted the work on this case mostly took place in 2019. *See* Apr. 27, 2021 Text Order. Generally, courts multiply the $125 limit by the ratio of the CPI at the time legal services were rendered to the CPI when the EAJA was enacted to determine what fee above the statutory ceiling may be authorized. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

In this case, most of the work was performed in 2019. *See* Am. Itemization Hours 1–2. The average CPI for 2019 was 255.657. *See* U.S. Bureau of Labor Statistics, CPI for all Urban Consumers (CPI-U), https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (change output option to from 1996 to 2021 and check include annual averages) (last visited May 14, 2021). As the CPI was 155.7 in March 1996, *id.*, the CPI had increased by a factor of 1.64198. An increase of the $125 statutory cap to $205.25 would therefore be warranted. This exceeds the $183.75 hourly rate sought. Affidavits provided by

---

[2] The Seventh Circuit has left it to the discretion of district courts whether to use a regional CPI or the national CPI. *Darius W. v. Saul*, No. 16 C 11335, 2020 WL 3469218, at *6 (N.D. Ill. June 25, 2020); *see also Sprinkle*, 777 F.3d at 428 n.2 ("We . . . leave to the discretion of the district courts whether to adopt the national or regional index in specific cases."). District courts have charted their own courses. *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865 (E.D. Wis. 2018) (noting district courts in the Seventh Circuit have used both the national CPI and regional CPIs). The Court follows Sheri's lead and uses the national CPI.

Sheri's attorneys demonstrate the requested rate does not exceed the market rate. *See* DePree Aff., ECF No. 17-4; Keller Aff. 1, ECF No. 17-5.

Using the $183.75 hourly rate requested, the total amount of attorney's fees for the 16.9 hours of work Sheri's attorneys performed would be $3,105.38, Sheri's requested amount. This amount is reasonable. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, No. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates).

## CONCLUSION

Plaintiff Sheri M.'s Motion for EAJA Fees, ECF No. 17, is GRANTED. Sheri is awarded $3,105.38 in EAJA fees. This amount may be offset to satisfy any pre-existing debt Sheri owes the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Sheri has assigned her right to EAJA fees to her attorneys, Att'y Fee Contract, ECF No. 17-3, so if the Commissioner determines Sheri owes no pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to her attorneys. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If Sheri does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner shall instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable to Sheri and mailed to the business address of Sheri's attorneys.

Entered this 14th day of May, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE